UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYRONE HOWELL, #778591,

               Petitioner,

                                    CASE NO. 2:18-CV-13265
v.                                   HON. ARTHUR J. TARNOW

JOHN CHRISTIANSEN,

               Respondent.
_____/

## OPINION & ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, & DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

**I.    Introduction**

      This is a habeas case brought pursuant to 28 U.S.C. § 2254.  Michigan prisoner Tyrone Howell ("Petitioner") was convicted of several firearm and property offenses following a bench trial in the Wayne County Circuit Court.  He currently remains incarcerated on his convictions for discharge of a firearm toward a building and possession of a firearm during the commission of a felony for which he was sentenced, as a second habitual offender, to consecutive terms of 3½ to 10 years imprisonment and two years imprisonment in 2016.  In his pleadings, Petitioner raises a claim concerning service of the habitual offender notice.  For the reasons set forth, the Court denies the petition for a writ of habeas corpus.  The

Court also denies a certificate of appealability and denies leave to proceed in forma

pauperis on appeal.

## II.  Facts and Procedural History

Petitioner's convictions arise from an incident in which he fired multiple

gunshots at his cousin's house in Detroit, Michigan on July 27, 2015.  The

Michigan Court of Appeals described the underlying facts, which are presumed

correct on habeas review, *see* 28 U.S.C. § 2254(e)(1); *Wagner v. Smith*, 581 F.3d

410, 413 (6th Cir. 2009), as follows:

> On July 27, 2015, defendant was walking by his cousin, Robert
> Jenkins's, home in Detroit when defendant's brother, Demetrius
> Howell, called him over. Defendant was not welcome at Jenkins's
> home due to past differences the two had. Nevertheless, defendant
> approached Jenkins' home and the two soon began quarreling. Jenkins
> told defendant to leave and defendant left, stating that he would be
> back to "spray" the home up, which Jenkins interpreted as meaning
> defendant would shoot at the house. Approximately ten minutes later,
> Jenkins heard a barrage of gunfire. He was thrown to safety by one of
> the guests present at his home, but when he looked up, Jenkins saw
> defendant standing on the sidewalk in front of his house holding what
> appeared to be an AK–47 assault weapon with a banana clip.
> Defendant turned and ran.

*People v. Howell*, No. 331901, 2017 WL 6389929, *1 (Mich. Ct. App. Dec. 14,

2017) (unpublished, per curiam).

Following his convictions and sentencing, Petitioner filed an appeal of right

with the Michigan Court of Appeals raising several claims of error, including the claim presented on habeas review.  The court initially remanded the case to the trial court to allow Petitioner to move for re-sentencing on the basis that he was erroneously sentenced as a third, rather than a second, habitual offender.  *People v. Howell*, No. 331901 (Mich. Ct. App. Sept. 9, 2016).  On remand, the trial court and the parties acknowledged Petitioner's second habitual offender status and the court imposed the same sentences.  *See* 11/23/16 Hrg. Tr. (ECF No. 12).  The Michigan Court of Appeals subsequently denied Petitioner relief on his remaining claims and affirmed his convictions and sentences.  *Howell*, 2017 WL 6389929 at pp. 1-8. Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order.  *People v. Howell*, 502 Mich. 939, 914 N.W.2d 927 (2018).

Petitioner thereafter filed his federal habeas petition, raising the following claim:

> The plain language of MCL 769.13 requires that notice be filed and served after the case has been bound over to the circuit court.  Failure to file and serve it within 21 days is not subject to the harmless error statute.  As there is no evidence of timely service on defendant, he cannot be sentenced as a habitual offender [as it] violates due process of law.

Respondent filed an answer to the petition contending that it should be denied

because the claim is procedurally defaulted and lacks merit.

## III.    Standard of Review

Federal law imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it

'applies a rule that contradicts the governing law set forth in [Supreme Court

cases]' or if it 'confronts a set of facts that are materially indistinguishable from a

decision of [the Supreme] Court and nevertheless arrives at a result different from

[that] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam)

(quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*,

535 U.S. 685, 694 (2002).

   "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal

habeas court to 'grant the writ if the state court identifies the correct governing

legal principle from [the Supreme] Court but unreasonably applies that principle to

the facts of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003)

(quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694.  However, "[i]n

order for a federal court find a state court's application of [Supreme Court]

precedent 'unreasonable,' the state court's decision must have been more than

incorrect or erroneous.  The state court's application must have been 'objectively

unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also*

*Williams*, 529 U.S. at 409.  "AEDPA thus imposes a 'highly deferential standard

for evaluating state-court rulings,' and 'demands that state-court decisions be given

the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quoting

*Lindh*, 521 U.S. at 333, n. 7; *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per

curiam)).

   The United States Supreme Court has held that "a state court's determination

that a claim lacks merit precludes federal habeas relief so long as 'fairminded

jurists could disagree' on the correctness of the state court's decision." *Harrington*

*v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652,

664 (2004)). The Supreme Court emphasized "that even a strong case for relief

does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing

*Lockyer v. Andrade,* 538 U.S. 63, 75 (2003)). A habeas court "must determine

what arguments or theories supported or . . . could have supported, the state court's

decision; and then it must ask whether it is possible fairminded jurists could

disagree that those arguments or theories are inconsistent with the holding in a

prior decision" of the Supreme Court. *Id.* Thus, in order to obtain federal habeas

relief, a state prisoner must show that the state court's rejection of a claim "was so

lacking in justification that there was an error well understood and comprehended

in existing law beyond any possibility for fairminded disagreement." *Id.*; *see also*

*White v. Woodall*, 572 U.S. 415, 419-20 (2014). Federal judges "are required to

afford state courts due respect by overturning their decisions only when there could

be no reasonable dispute that they were wrong." *Woods v. Donald*, 575 U.S. 312,

316 (2015). A habeas petitioner cannot prevail as long as it is within the "realm of

possibility" that fairminded jurists could find the state court decision to be

reasonable. *Woods v. Etherton*, _ U.S. _, 136 S. Ct. 1149, 1152 (2016).

Section 2254(d)(1) limits a federal court's review to deciding whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *Williams*, 529 U.S. at 412; *see also Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009) (noting that the Supreme Court "has held on numerous occasions that it is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court") (quoting *Wright v. Van Patten*, 552 U.S. 120, 125-26 (2008) (per curiam)); *Lockyer*, 538 U.S. at 71-72.  Section 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" *Harrington*, 562 U.S. at 100.  It also "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them."  *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16.

The requirements of "clearly established law" are to be determined solely by Supreme Court precedent.  Thus, "circuit precedent does not constitute 'clearly established Federal law, as determined by the Supreme Court,'" and "[i]t therefore cannot form the basis for habeas relief under AEDPA."  *Parker v. Matthews*, 567

U.S. 37, 48-49 (2012) (per curiam); *see also Lopez v. Smith*, 574 U.S. 1, 2 (2014)

(per curiam).  The decisions of lower federal courts may be useful in assessing the

reasonableness of the state court's decision.  *Stewart v. Erwin*, 503 F.3d 488, 493

(6th Cir. 2007) (citing *Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003));

*Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002).

Lastly, a state court's factual determinations are presumed correct on federal

habeas review.  *See* 28 U.S.C. § 2254(e)(1).  A petitioner may rebut this

presumption with clear and convincing evidence.  *Warren v. Smith*, 161 F.3d 358,

360-61 (6th Cir. 1998).  Moreover, habeas review is "limited to the record that was

before the state court."  *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

## IV.    Analysis

### A.    Procedural Default

As an initial matter, Respondent contends that Petitioner's habeas claim is

barred by procedural default because he did not properly raise the issue in the state

courts.  On habeas review, however, federal courts "are not required to address a

procedural-default issue before deciding against the petitioner on the merits."

*Hudson v. Jones*, 351 F.3d 212, 215 (6th Cir. 2003) (citing *Lambrix v. Singletary*,

520 U.S. 518, 525 (1997)).  The Supreme Court has explained the rationale behind

such a policy: "Judicial economy might counsel giving the [other] question

priority, for example, if it were easily resolvable against the habeas petitioner,

whereas the procedural-bar issue involved complicated issues of state law."

*Lambrix*, 520 U.S. at 525.  Such is the case here.  The procedural issue is

somewhat complex and the substantive claim is more readily decided on the merits.

Accordingly, the Court need not address the procedural default issue and shall

proceed to the merits of Petitioner's claim.

### B.     Merits

Petitioner asserts that he is entitled to relief because there is no evidence in

the state court record that he was served with the habitual offender notice within 21

days after the bindover to the circuit court as required by Mich. Comp. Laws

§ 769.13 such that he should not have been sentenced as a habitual offender.

The Michigan Court of Appeals reviewed this claim for plain error (because

Petitioner failed to raise the issue before the trial court) and denied relief.  The

court explained in relevant part:

> MCL 769.13 addresses a notice of intent to seek an enhanced sentence
> and provides, in relevant part:
>
> > (1) In a criminal action, the prosecuting attorney may
> > seek to enhance the sentence of the defendant as provided

under section 10, 11, or 12 of this chapter, by filing a
written notice of his or her intent to do so within 21 days
after the defendant's arraignment on the information
charging the underlying offense or, if arraignment is
waived, within 21 days after the filing of the information
charging the underlying offense.

(2) A notice of intent to seek an enhanced sentence filed
under subsection (1) shall list the prior conviction or
convictions that will or may be relied upon for purposes
of sentence enhancement. The notice shall be filed with
the court and served upon the defendant or his or her
attorney within the time provided in subsection (1). The
notice may be personally served upon the defendant or
his or her attorney at the arraignment on the information
charging the underlying offense, or may be served in the
manner provided by law or court rule for service of
written pleadings. The prosecuting attorney shall file a
written proof of service with the clerk of the court.

A habitual second notice appears on defendant's August 2, 2015
felony warrant and felony information in this matter. He was
arraigned on the information on August 15, 2015. There is no proof of
service of the habitual offender notice found in the lower court file.
Thus, defendant is correct that the prosecution failed to strictly
comply with the statute. This was error on the prosecution's part.
Nevertheless, defendant is not entitled to relief.

At his initial sentencing, defendant's status as a habitual offender was
mentioned by the prosecutor and agreed to by defense counsel.
Defendant later moved for resentencing based on his assertion that he
was erroneously sentenced as a third habitual offender when he should
have been sentenced as a second habitual offender. Defendant thus
indicated his acknowledgment and, indeed, his affirmative acceptance
of habitual offender status thereby waiving any error relating to his

habitual offender status.

Moreover, the purpose of requiring a prosecutor to promptly file an information charging defendant as a habitual offender is "to provide the accused with notice, at an early stage, of the potential consequences should the accused be convicted of the underlying offense." Defendant makes no claim that he was not served with a notice of the intent to enhance his sentence. Indeed, defendant specifically acknowledged receiving such notice.

Defendant directs this Court to several cases that purportedly support his position that resentencing is in order when the court file lacks a proof of service under MCL 769.13(2). However, in the cases cited, *People v. Cobley*, 463 Mich. 893, 618 N.W.2d 768 (2000) and *People v. Muhammad*, 498 Mich. 909, 870 N.W.2d 729 (2015), the pertinent and controlling issue was whether the prosecutor had served a notice of intent to seek an enhanced sentence on defendant at all—not whether a proof of service was in the court file. Here, in contrast, defendant admitted that he was given a notice of the prosecutor's intent to seek habitual offender enhancement. Thus, any error by the prosecution in failing to follow the statutory mandate to file a proof of service of the notice of intent was harmless beyond a reasonable doubt. The absence of a proof of service in no way prejudiced defendant's ability to respond to his habitual offender status. And because the error did not affect defendant's substantial rights, resentencing is not required.

*Howell*, 2017 WL 6389929 at pp. 1-2 (footnotes omitted).

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. First, Petitioner's claim that he received inadequate notice of the habitual offender enhancement under

Michigan law fails to state a claim which is cognizable upon federal habeas review.

*See, e.g., Tolbert v. LeCureaux*, 811 F. Supp. 1237, 1240-41 (E.D. Mich. 1993);

*see also Threat v. Harry*, No. 2:17-CV-12465, 2018 WL 2431707, *7 (E.D. Mich.

May 30, 2018) (denying relief on similar claim); *MacArthur v. Curtin*, No.

13-CV-11307, 2014 WL 3767835, *15-16 (E.D. Mich. July 31, 2014) (adopting

magistrate judge's report and citing cases).  It is well-settled that habeas relief may

not be based upon a perceived violation of state law.  *See Estelle v. McGuire*, 502

U.S. 62, 67-68 (1991) ("it is not the province of a federal habeas court to

reexamine state-court determinations on state-law questions").

Second, due process does not require advance notice that a trial on a

substantive criminal charge will be followed by a habitual offender enhancement.

Due process only requires that a defendant be given reasonable notice and an

opportunity to be heard.  *Oyler v. Boles*, 368 U.S. 448, 4526 (1962).  The record in

this case shows that the prosecutor filed a habitual offender notice, that Petitioner

and defense counsel were aware of the enhancement, and that Petitioner had the

opportunity to challenge his sentencing enhancement during the proceedings

before the state trial court.  Additionally, the record shows that Petitioner had at

least one prior felony that could be used to enhance his sentence – and he does not

dispute that he had a prior felony conviction which justified the second habitual offender sentencing enhancement.  Due process requires nothing more.  *Id*. at 452-54; *see also Brown v. Nagy*, No. 19-1847, 2019 WL 7761722, *8 (6th Cir. Dec. 16, 2019) (denying a certificate of appealability on similar habitual offender notice claims).  Habeas relief is not warranted.

## V.    Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to federal relief on his claim and that the petition for a writ of habeas corpus must be denied.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue.  *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A certificate of appealability may issue only if the petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the constitutional claim debatable or wrong.  *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement

to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  Petitioner

makes no such showing.  The Court thus concludes that a certificate of

appealability is not warranted.

Lastly, the Court concludes that an appeal from this decision would be

frivolous and cannot be taken in good faith.  *See* Fed. R. App. P. 24(a).

Accordingly, the Court **DENIES** and **DISMISSES WITH PREJUDICE**

the petition for a writ of habeas corpus, **DENIES** a certificate of appealability, and

**DENIES** leave to proceed in forma pauperis on appeal.

**IT IS SO ORDERED**.


 _s/Arthur J. Tarnow_____
ARTHUR J. TARNOW
UNITED STATES DISTRICT JUDGE


Dated:  August 3, 2020